IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY O'QUINN,<br><br>    Plaintiff,<br><br>v.<br><br>TOM SLEMMER, President of National Church Residences President, JANIE PAYNE, Director of Housing and Urban Development Office of Administration, and RUBY L. BONNER, Director of Civil Rights Enforcement Agency, City of St. Louis,<br><br>    Defendants. | CASE NO. 09-cv-918-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court for case management purposes. The Court has reviewed the complaint filed by plaintiff Jeffrey O'Quinn and has determined that this case should be transferred to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a).

Under § 1404(a), the Court may *sua sponte* transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The decision to transfer a case is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses, the fairness of the transfer in light of any forum selection clause and the parties'

relative bargaining power, and the interests of justice in general.  *Stewart*, 487 U.S. at 29-30;  *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen* , 376 U.S. at 622).  A court may refuse to transfer the case if it is not in the interest of justice.  *Coffey*, 796 F.2d at 220;  *Van Dusen*, 376 U.S. at 625.

The alleged wrongful acts that gave rise to this case stem from O'Quinn's eviction from a residence in St. Louis, which is within the Eastern District of Missouri.  In addition, the Eastern District of Missouri would be equally, if not more, convenient to the plaintiff because he resides in East St. Louis, Illinois, which is adjacent to the Eastern District of Missouri yet almost 100 miles from the Benton, Illinois, federal courthouse where this case has been assigned in the Southern District of Illinois.  It is also likely more convenient for the relevant witnesses who presumably reside in or near the Eastern District of Missouri.  Finally, the Court believes the Eastern District of Missouri has a greater interest than the Southern District of Illinois in deciding cases involving events within its bounds.  The interests of justice therefore favor a transfer.

For these reasons, the Court finds that a transfer is warranted under § 1404(a) and **TRANSFERS** this case to the United States District Court for the Eastern District of Missouri.

**IT IS SO ORDERED.**
**DATED:  November 10, 2009.**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **UNITED STATES DISTRICT JUDGE**